**XUE LONG WU, A.K.A. Xuelong Wue, Petitioner,**

v.

**Eric H. HOLDER JR., United States**

**Attorney General,\* Respondent.**

No. 08–2608–ag.

United States Court of Appeals,
Second Circuit.

May 28, 2009.

ˌGary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Heather S. Navarro, of Counsel; Terri J. Scadron, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and HON. PIERRE N. LEVAL, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Xue Long Wu, a native and citizen of the People's Republic of China, seeks review of a May 9, 2008 order of the BIA, which denied his motion to reopen. *In re Xue Long Wu,* No. A73 488 874 (B.I.A. May 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Wu's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

■ Wu argues that the BIA erred by finding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

■ Although Wu argues that the agency erred in rejecting documents in the record solely based on his failure to properly authenticate them pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Wu's unauthenticated evidence where that decision was also based on contrary evidence in the record, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007). We further note that the 1988–2007 fine schedule for violations of the family planning policy in the record neither demonstrates a change in country conditions nor indicates that it is the fine schedule for Wu's home province.

■ Finally, the BIA's determination that Wu was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).